# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SCOTT A. WILLIAMS,**

        **Plaintiff,**

v.                                               **Case No. 06-C-819**

**RACINE COUNTY, ROBERT D. CARLSON,
WILLIAM GABBEY, JAMES SCHERFF,
DAVID WILLIS, WILLIAM BECKER,
DEPUTY VANDERVEST, NICHOLAS CAPUTA,
MICHAEL PAPARA, JOHN DOES, and JANE DOES,**

        **Defendants.**

## ORDER

Plaintiff Scott A. Williams, who is incarcerated at the Racine Correctional Institution, lodged pro se a civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $35.00.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976),

construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

Plaintiff was incarcerated at the Racine County Jail ("Jail") at all times relevant. The defendants are: Racine County; Sheriff Robert D. Carlson; Chief Deputy William Gabbey; Captain James Scherff; Sergeant David Willis; Deputy William Becker; Deputy Vandervest; Deputy Nicholas Caputa; "CO" Michael Papara; and John and Jane Does, who are to be named upon discovery.

According to the complaint, on October 26, 2005, all of the inmates in wing 4B at the Jail were locked in their cells. Then, the "CERT team" arrived and ordered the inmates out

of their cells and into the "sally port," so that the cells could be searched. Plaintiff's request to watch his cell being searched was denied.

A deputy told the approximately twenty inmates to sit on the floor in the sally port, plaintiff told the deputy that there was no room for him to sit down, and the deputy told him to find room. Plaintiff responded that there was not room and that he could write plaintiff a ticket. Then defendant Willis came to the door and told plaintiff to sit right outside the door, which plaintiff did. Defendant Willis asked plaintiff if he thought he was special, now that he had his own place to sit, and plaintiff responded that there was no room for him in the sally port. Defendant Willis told plaintiff to shut up and plaintiff said that he thought this was a free country and he could talk. Defendant Willis told plaintiff that that was enough and to get up.

Next, defendants Willis, Becker, Caputa, Papara, and John Doe handcuffed plaintiff and threw him to the floor, yelling at him to stop resisting, although plaintiff was not resisting. Plaintiff, who was handcuffed on the floor, was punched, kicked, and kneed. The beating continued and plaintiff begged for them to stop. At one point, plaintiff told the defendants that he could not breathe, and "I was told that I could talk, it's a free country, so I could breathe." (Compl. ¶ 14.) Plaintiff told defendants that he was having chest pains, and they said too bad and dragged plaintiff to the elevator. While on the elevator, defendant Papara bent plaintiff's right hand, causing pain, although plaintiff was not resisting. When the elevator doors opened, defendant Papara pulled up on plaintiff's hands as hard as he could, and plaintiff felt extreme pain in both shoulders. His right shoulder still hurts today. Plaintiff again begged the defendants to stop hurting him, but defendant Papara only pulled harder. Plaintiff started to pass out and go to his knees. Defendant Becker held plaintiff while defendant Papara let go, and as plaintiff straightened, Papara punched him twice in the eye which caused a laceration requiring stitches.

At this point, plaintiff was taken to the hospital and treated for his injuries. The Emergency Department Report indicates the following summary of his course of treatment:

> EMERGENCY DEPARTMENT COURSE: The wounds were closed by Nicole Degrado, physician assistant. Please refer to my procedure note for summary of this. The patient was allegedly assaulted with loss of consciousness and has definite trauma to the head. The CT scans were done to confirm that there was no intracranial injury or fracture. The patient was initially given a gram of Tylenol for pain and then Ultram later which he will be sent home with. He states last tetanus was in 2000, so he is up-to-date. He is given head trauma instructions, wound care sheet. He is to get sutures out in four to five days and he is to have wound check in about 24 hours by the personal physician or by the personal medical staff. He can ice the affected areas if possible and return for any sign of raccoon eyes. Clear fluids. No other concerns besides the potential basilar skull fracture, which I did not see any evidence of at this point.

(Compl., Ex. 8.)

Plaintiff returned to the Jail that night with a doctor's order for pain medication. He was placed in a holding cell for approximately forty-eight hours, and repeatedly asked for his medication but defendants Deputy Vandervest, Jane Doe, and John Doe refused to give him the medication. Plaintiff pushed the emergency button for assistance but defendant Jane Doe turned off the emergency button and plaintiff was left to suffer in pain. On October 28, 2005, plaintiff was taken to administrative segregation where he was also denied medication. Plaintiff was finally seen by a jail doctor who ordered medication which plaintiff received about one week after he was beaten.

After his release from segregation, plaintiff asked several times to use the law library in order to learn what he needed to do to file a suit against the Jail. The Jail responded that plaintiff needed a case number. Plaintiff was unable to use the law library and his "time limits ran out in state courts." (Compl. ¶ 28.)

Plaintiff brings the following claims: 1) failure to train and supervise against defendants Racine County, Sheriff Carlson, and Captain Scherff; 2) excessive force against defendants

Willis, Becker, Caputa, and Papara; 3) deliberate indifference to a serious medical need against defendants Vandervest, Jane Doe, and John Doe; 4) Fourth Amendment claim based on denial of plaintiff's request to watch his cell being searched; and 5) denial of access to the courts.

I find that plaintiff may proceed on all of these claims, except for the Fourth Amendment claim. See Hudson v. Palmer, 468 U.S. 517, 526 (1984) (the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell); see also Bell v. Wolfish, 441 U.S. 520, 557 (1979); Block v. Rutherford, 468 U.S. 576, 589-91 (1984); Johnson v. Phelan, 69 F.3d 144 (7th Cir. 1995).

The court finds that plaintiff has alleged sufficient facts to support a claim that his constitutional rights were violated. Specifically, plaintiff may proceed on failure to train, excessive force, deliberate indifference to a serious medical need, and access to the courts claims.

**Therefore,**

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $315.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account

-6-
Case 2:06-cv-00819-LA   Filed 10/12/06   Page 6 of 7   Document 7

in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 12th day of October, 2006.

s/Lynn Adelman
LYNN ADELMAN
U.S. District Judge