# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SCOTT A. WILLIAMS,**
         **Plaintiff,**

    **v.**                                 **Case No. 06C819**

**RACINE COUNTY, ROBERT D. CARLSON,**
**WILLIAM GABBEY, JAMES SCHERFF,**
**DAVID WILLIS, WILLIAM BECKER,**
**DEPUTY VANDERVEST, NICHOLAS CAPUTA,**
**MICHAEL PAPARA, JOHN DOES, and JANE DOES,**
         **Defendants.**

---

## ORDER

Plaintiff Scott A. Williams, a Wisconsin state prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed in forma pauperis on failure to train, excessive force, deliberate indifference to a serious medical need, and denial of access to the courts claims, based on complaint allegations that occurred while he was housed at the Racine County Jail. Before the court is plaintiff's Motion to Reconsider Appointment of Counsel.

Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (citations and footnote omitted)), amended by, 835

F.2d 710 (7th Cir. 1987). Compare <u>Moro v. Shell Oil Co.</u>, 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)).

Plaintiff's motion for reconsideration of his request for appointment of counsel reiterates the arguments that were presented in his motion to appoint counsel. Although plaintiff has provided evidence that he attempted to obtain counsel on his own, his filings indicate that he is capable of litigating his case at this stage of the proceedings. Also, the court is not satisfied that the presence of counsel will make a difference in the outcome of the case. Moreover, plaintiff has not presented newly discovered evidence or shown that the order denying his motion to appoint counsel contained a manifest error of law.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Docket #10) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3 day of December, 2006.

/s
LYNN ADELMAN
District Judge